NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-034-KKC

ANGELO MONTARIOS GREEN                                           PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

JEFF GRONDOLSKY, Warden                                          RESPONDENT

\*\*     \*\*   \*\*   \*\*     \*\*

Angelo Montarios Green, who is incarcerated at the United States Prison-McCreary in Pine Knot, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 district court filing fee.

This matter is before the Court for screening.  28 U.S.C. §2243;  *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

<u>BACKGROUND</u>

The following is a summary or construction of the facts and claims presented by the petitioner in a completed §2241 form and his accompanying self-styled petition.  Record No. 1.

Petitioner states that he was convicted of being a felon in possession of a firearm, in the United States District Court for the Middle District of Tennessee, and on December 15, 2003, he was sentenced to 57 months incarceration, to be followed by 3 years of supervised release.  He further states that he did not appeal his conviction, nor did he file any other post-conviction proceeding.   The petitioner attacks the supervised release portion of his sentence, listing the following four grounds for the Court to grant him habeas relief:

> [1]  Sentence of supervised release as imposed violates my protection against double jeopardy.
>  . . .
> [2] Sentence as applied by mandatory U.S.S.G. is in violation of the separation of powers doctrine of Const.
> . . .
> [3] Lack of subject matter jurisdiction.
> . . .
> [4] Failure of Bureau of Prisons to correct my sentence for over one year, denial of parole.
> . . .

Petition Form at 6-7.

The petitioner's legal theory is that 18 U.S.C. §3551 and other enumerated federal statutes authorize only three types of sentence:  probation, fine, or imprisonment--not supervised release.  Therefore, "all sentencing 'case law' between November 1, 1987 and January 12, 2005, is now VOID . . . based on invalid law."  Petition at 2.  Rather, he claims, "the term of supervised release is to be included as part of the term of imprisonment."  *Id.* at 11.  The petitioner further claims that the offense charged against him does not reference supervised release, thereby failing to give adequate notice to the defendant prior to its imposition by the court at sentencing.

2

The petitioner refers to a series of recent U. S. Supreme Court opinions which purportedly support his claim, including *United States v. Booker*, 543 U.S.220 (2005), and contends that more than a year after the *Booker* decision, the Federal Bureau of Prisons ("BOP") has failed to correct all of the November 1, 1987 - January 12, 2005 sentences.  He also discusses the contrast between parole decisions vested only in the executive branch as opposed to supervised release, which is controlled by the judiciary.

The petitioner seeks re-sentencing to the same 57-month term of imprisonment, but absent the 3 years of supervised release.

<u>DISCUSSION</u>

In a footnote on page 1 of the commonly used petition form, the petitioner has written that because of his plea agreement, he is "<u>unable</u> to collaterally attack sentence pursuant to §2255, therefore §2241 is <u>sole</u> avenue for releif [sic] sought."  Record No. 1 at 1 (emphasis of the plaintiff).  Because of this language and the petitioner's admission that his claims challenge his sentence, the Court construes this as a claim that his remedy under Section 2255 is inadequate and ineffective to challenge the validity of his conviction, and therefore, he may file a habeas corpus petition under Section 2241 to challenge it.

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  But under certain circumstances, prisoners may invoke the "savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5.  Consistent therewith, Petitioner Green must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of sentencing claims before the Court may consider his claims for relief on the merits.

Under what circumstances is a petitioner's remedy under Section 2255 considered "inadequate or ineffective?"  The Sixth Circuit addressed this question by negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999).  In *Charles*, the Sixth Circuit began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited, and available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective."  *Id.* at 756.  The Court made clear that a prisoner cannot satisfy this requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion, or that he had already moved unsuccessfully for relief in a prior Section 2255 motion. *Id.* at 757.  Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*:  whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, and where he claims "actual innocence."  The answer was yes.  A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute.  In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted, as that term is discussed in *Bousley v. United States*, 523 U.S. 614, 620 (1998).

By its terms, Section 2255 permits a petitioner to bring a second or successive Section 2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on Petitioner's guilt of the

4

offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases.  Because a Supreme Court decision interpreting a criminal statute does not fall within either of the aforementioned exceptions to the general rule barring second or successive Section 2255 motions, a prisoner cannot bring a second or successive Section 2255.      When the prisoner makes showings [1] that his or her remedy under Section 2255 is inadequate or ineffective to challenge the legality of his conviction and [2] that he has a claim of actual innocence under an intervening Supreme Court case interpreting the statute under which he was convicted, then the petitioner may use a Section 2241 habeas corpus petition to attack the validity of his conviction under that criminal statute.  *Martin*, 319 F.3d at 804;  *see Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").[1]

The Court must next evaluate this petitioner's claims under the analytical framework described above to determine whether Petitioner may challenge his conviction and sentence in a habeas corpus petition under Section 2241, pursuant to the narrow authorization to do so in the "savings clause" of Section 2255.  The Court finds, however, that Petitioner's claims fail to pass the threshold test for such use of Section 2241. His claims are not based on a Supreme Court decision "[...involving] statutory interpretation," which was "decided after the defendant filed his first Section 2255 motion," *Martin*, 319 F.3d at 805.  Therefore, the savings clause of Section 2255 does not permit him to pursue the claims in a habeas corpus petition under Section 2241.  *Bousley*, 523 U.S. at 620.  Accordingly, the claims must be dismissed.  *Charles*, at 180 F.3d at 757.

---

[1] *See also United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (*Bousley* teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

Furthermore, even were the Court able to reach his claims, the United States Court of Appeals for the Sixth Circuit has specifically held that two of the cases upon which this petitioner relies, *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *United States v. Booker*, cannot support the relief sought herein. *See In re Clemmons,* 259 F.3d 489, 493 (6th Cir. 2001) ( §2255 motion) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review"); *Perkins v. Thoms,* 23 Fed.Appx. 256 (6th Cir. 2001) (§2241 petition). More fundamentally, a claim of *Apprendi*-type error is not a claim of actual innocence within the savings clause of Section 2255. *Bannerman v. Snyder,* 325 F.3d 722, 723-24 (6th Cir. 2003) (*citing United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001)).

Similarly, the Sixth Circuit has held that the *Booker* decision does not apply retroactively to cases on collateral review. *Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *see also United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) (Supreme Court's *Booker* decision established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered).[2]

As this Court is bound by--and in full agreement with--the *Humphress* decision*,* the petitioner's claims cannot be assessed on the merits on collateral review, and they cannot provide the petitioner with relief from his conviction and sentence. The petitioner's claims will, therefore, be dismissed with prejudice. The petitioner has failed to cross the threshold of demonstrating that his remedy under Section 2255 is

---

[2] *Accord McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005.); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005) (per curiam) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); *Swain v. United States*, 2005 WL 3065969, *5 (6th Cir.(Mich.) November 15, 2005) (Not selected for publication in the Federal Reporter) ("Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, 543 U.S. 220. . .(2005), may be invoked on collateral review").

inadequate or ineffective to test the legality of his sentence under the intervening Supreme Court cases upon which he relies.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     Angelo Montarios Green's petition for a writ of habeas corpus is **DENIED.**

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 1st day of February, 2006.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

7